UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KAY JACINA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-238-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WALMART, INC. and MURPHY OIL USA, INC., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Kay Jacina filed this action in the Jessamine County Circuit Court on March 22, 2019. She alleged that she was injured during a fall on the defendants' business premises. [Record No. 1-3] The defendants removed the action to this Court on June 4, 2019, alleging diversity jurisdiction under 28 U.S.C. § 1332. A week later, the plaintiff filed a motion to remand the case to state court, arguing that the defendants' notice of removal was untimely. [Record No. 8] However, the defendants have shown that they removed the action within 30 days of receiving an "other paper" from which the removability of the Complaint could first be ascertained. Accordingly, the motion to remand will be denied.

Jacina alleges that she stepped in a hole in the defendants' parking lot, causing her to fall and sustain severe injuries to her right arm. Consistent with Kentucky pleading rules, the Complaint does not include a demand for a specific amount of damages. *See* Ky. R. Civ. P. 8.01(2). The defendants' attorney sent an e-mail message to the plaintiff's attorney on April 10, 2019, asking, in part, "[D]o you have an idea of total medical expenses?" [Record No. 8-

- 1 -

1]  Jacina's attorney responded by e-mail the same day, reporting that then-current medical expenses were $30,856.91.  *Id.*

The defendants served Jacina with a request for admission on April 30, 2019, asking her to admit that she would not seek damages in excess of $75,000.00, exclusive of interest and costs.  [Record No. 10-4]  Jacina denied this request on May 8, 2019.  [Record No. 10-5]  Two days later, she served the defendants with answers to interrogatories indicating that, in addition to medical expenses, lost wages, and lost earning potential, she would seek $400,000.00 for pain and suffering.  [Record No. 10-6]

The defendants filed their notice of removal on June 4, 2019, alleging that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Section 1332 requires that the parties be completely diverse and that the amount in controversy exceed $75,000.00, exclusive of interest and costs.  Jacina does not dispute the defendants' allegation that she is a citizen of Kentucky and the defendants are citizens of Delaware and Arkansas.  She also does not dispute that the amount in controversy exceeds the statutory threshold.  Instead, she argues that the defendants' notice of removal was untimely.

To remove an action from state court to federal court, a defendant must follow the procedures set forth in 28 U.S.C. § 1446.  If the case stated by an initial pleading is not removable, the defendant may file a notice of removal within thirty days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  § 1446(b)(3).  Jacina contends that the action became removable on April 10, 2019, based on her attorney's e-mail message stating that her medical expenses were "around $30,000."

A party seeking removal must establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds by *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010)). A defendant must come forward with "competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden." *Thompson v. Circle K Midwest,* LLC, No. 5: 09-341-JMH, 2011 WL 675486, at *1 (E.D. Ky. Feb. 16, 2011) (citing *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959 (E.D Ky. 2009)). The e-mail from Jacina's attorney estimating medical expenses at $30,000.00 does not constitute competent proof that the amount in controversy more than likely exceeds $75,000.00, exclusive of interest and costs.

Even when coupled with the estimated $30,000.00 for medical expenses, Jacina's non-specific demands for other types of damages did not push her Complaint over the line. It was not until July 2019 that the defendants received information indicating that the damages sought more like than not exceed the statutory threshold. While some types of personal injury cases, by their very nature, are sufficiently egregious to establish that the amount in controversy is satisfied, this is not one of those cases. *See Burgett v. Troy-Bilt LLC*, No. 11-110-ART-2011 WL 4715176, at *2 (E.D. Ky. Oct. 5, 2011) (collecting cases). The defendants properly removed this action within 30 days of receiving an "other paper" which established that the amount-in-controversy exceeds this Court's threshold.

Accordingly, it is hereby

**ORDERED** that the plaintiff's motion to remand [Record No. 8] is **DENIED**.

Dated: July 15, 2019.



Signed By:
*Danny C. Reeves*
United States District Judge