UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:19-CV-00238-DCR
*Filed electronically*

KAY JACINA                                                                                                       PLAINTIFF

v.     **Memorandum of Law in Support of Motion for Summary Judgment of Defendant Murphy Oil USA, Inc.**

WALMART, INC. and MURPHY
OIL USA, INC.                                                                                                   DEFENDANTS

*** *** *** ***

MAY IT PLEASE THE COURT:

## INTRODUCTION

This action is before the Court on the Plaintiff's Complaint for personal injuries as a result of a trip and fall accident in the parking lot of Walmart in Nicholasville, Kentucky. Plaintiff has alleged in her Complaint she fell in the parking lot at 1024 North Main Street, Nicholasville, Kentucky 40356. (See ¶¶ 5 and 7 of the Plaintiff's Complaint). Plaintiff has filed suit against Walmart, Inc. and Murphy Oil USA, Inc. alleging the parking lot at 1024 North Main Street, Nicholasville, Kentucky was in a dangerous and unsafe condition causing the Plaintiff's injuries. (See ¶ 9 of Plaintiff's Complaint).

The affidavit of David Cooper, Director of Maintenance at Murphy Oil USA, Inc., is attached hereto as Exhibit 1 which attests that he is familiar with the Murphy Oil USA, Inc. properties including ownership, control, possession, maintenance and/or repair of these properties. This includes the Murphy Oil USA, Inc. location in Nicholasville, Kentucky. (See affidavit attached as Exhibit 1, ¶ 2). Mr. Cooper's affidavit further attests that at no time has Defendant Murphy Oil USA, Inc. and its affiliates, employees, subsidiaries, and/or agents

owned, possessed, or were otherwise in control of the parking lot located at the Walmart store, 1024 North Main Street, Nicholasville, Kentucky.  (See ¶ 3 of affidavit attached hereto).  Lastly, Mr. Cooper attests that at no time has Murphy Oil USA, Inc. and its affiliates, employees, subsidiaries, and/or agents been responsible for the maintenance and/or repair of the parking lot located at the Walmart store, 1024 North Main Street, Nicholasville, Kentucky.

## ARGUMENT

### I.  DIVERSITY JURISDICTION

This action is in federal court on the basis of diversity jurisdiction, 28 U.S.C. §1332.  Because Kentucky is the forum state, its substantive law determines this action.  *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (citations omitted).  However, federal procedural law governs as applicable in establishing the appropriate summary judgment standard.  *Weaver v. Caldwell Tanks, Inc.*, 190 Fed.Appx. 404, 408 (6th Cir. 2006).

### II.  STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, discovery and disclosure materials on file, and any affidavit show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  "A genuine dispute exists on a material fact, and the summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the non-moving party.'"  *Ollinger v. Corp. of the President of the Church*, 521 F.Supp.2d 577, 582 (E.D.Ky. 2007) (citations omitted).  The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact.  *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).  The movant may satisfy its burden by

showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and **come forward** with specific facts to demonstrate there is a genuine issue in dispute. *Hall Holding*, supra at 424. (citations omitted).

### III. MURPHY OIL USA, INC. IS ENTITLED TO A SUMMARY JUDGMENT AS THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AND IS ENTITLED TO A SUMMARY JUDGMENT AS A MATTER OF LAW.

In Kentucky, the general rule in premises liability cases is that "[a] possessor of land owes a duty to an invitee to discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 909 (Ky. 2013). Where a person has neither title to nor possession of the premises, he cannot be liable for injury resulting from a dangerous condition on the premises. *Thompson v. Breeding*, 351 F.3d 732, 738 (6th Cir. 2003) citing *Sebastion's Adm'r v. Otis Elevator Co.*, 64 S.W.2d 588, 591 (Ky. 1933).

In the case at bar, Murphy Oil USA, Inc. cannot be liable to the Plaintiff as it has never owned, possessed, or controlled the parking lot at the Walmart store at 1024 North Main Street, Nicholasville, Kentucky. This is attested to in the affidavit of David Cooper, Director of Maintenance of Murphy Oil USA, Inc. Mr. Cooper attests as follows:

1. At no time has Murphy Oil USA, Inc. and its affiliates, employees, subsidiaries, and/or agents owned, possessed, or were otherwise in control of the parking lot located at the Walmart store, 1024 North Main Street, Nicholasville, Kentucky.
2. At no time has Murphy Oil USA, Inc. and its affiliates, employees, subsidiaries, and/or agents been responsible for maintenance and/or repair of the parking lot located at the Walmart store, 1024 North Main Street, Nicholasville, Kentucky.

## CONCLUSION

Based upon the foregoing, Murphy Oil USA, Inc. is entitled to a summary judgment as a matter of law pursuant to Fed.R.Civ.P. 56 as there are no genuine issues of material fact and it is entitled to a judgement as a matter of law.

Respectfully submitted,

**KRIZ JENKINS PREWITT & JONES, P.S.C.**
P.O. Box 499
Lexington, KY 40588
Telephone: (859) 255-6885, ext. 104
Facsimile: (859) 253-9709
Email: djones@kjpjlaw.com

By:   /s/David C. Jones, Esq.
DAVID C. JONES (KBA #82629)
*Counsel for Defendant, Murphy Oil USA, Inc.*

### Certificate of Service

I hereby certify that on the 23rd day of August, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Hal D. Friedman, Esq.
Cooper & Friedman, PLLC
1448 Gardiner Lane, Suites 301-303
Louisville, KY 40213
*Counsel for Plaintiff*

Christopher R. Cashen, Esq.
Catherine A. Stivers, Esq.
Dinsmore & Shohl, LLP
City Center
100 West Main Street, Suite 900
Lexington, KY 40507
*Counsel for Walmart, Inc.*

4

/s/David C. Jones, Esq.
DAVID C. JONES (KBA #82629)
*Counsel for Defendant, Murphy Oil USA, Inc.*
