UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KAY JACINA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-238-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WAL-MART STORES EAST, LIMITED | ) | **MEMORANDUM ORDER** |
| PARTNERSHIP and MURPHY | ) | |
| OIL USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Kay Jacina filed this action against Defendants Wal-Mart Stores East, Limited Partnership and Murphy Oil USA, Inc., based on injuries she allegedly sustained in the parking lot of a Wal-Mart store located at 1024 North Main Street, Nicholasville, Kentucky.[1] Murphy Oil filed a motion for summary judgment on August 23, 2019, which included an affidavit from its Director of Maintenance David Cooper. [Record No. 22] Cooper averred that Murphy Oil did not own, possess, or control the parking lot at the Wal-Mart store.

Defendant Wal-Mart filed a response indicating that it did not oppose Murphy Oil's motion for summary judgment. [Record No. 23] Mistakenly characterizing the response as that of the plaintiff, the Court granted Murphy Oil's motion for summary judgment. [Record No. 24] Plaintiff Jacina then filed a response indicating that, while she had no reason to doubt Murphy Oil's assertions, she had not yet obtained discovery from Wal-Mart confirming that it

---

[1] Plaintiff incorrectly identified the defendant as Walmart, Inc., but the parties recently agreed to substitute Wal-Mart Stores East, Limited Partnership as the correct defendant. [Record Nos. 30, 31]

owned, controlled, or maintained the parking lot. [Record No. 26] The Court vacated its Order granting summary judgment in favor of Murphy Oil and gave Jacina until October 4, 2019, to file a renewed response to Murphy Oil's motion for summary judgment. But Jacina failed to respond.

The Court will grant summary judgment when the moving party shows that there is no genuine dispute regarding any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party comes forward with evidence to show that there is no genuine issue of material fact, the burden shifts to the nonmoving party to come forward with evidence that would create a genuine dispute for the jury. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149-50 (6th Cir. 1995).

The Court may not grant Murphy Oil's motion for summary judgment based solely on Jacina's failure to respond. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). However, Murphy Oil has come forward with David Cooper's affidavit to demonstrate that it did not own, control, or maintain the parking lot where the plaintiff allegedly fell. Jacina has failed to come forward with any contradictory evidence and she has not filed a renewed response indicating that she lacks sufficient information to dispute Cooper's assertions. Accordingly, no genuine issue of material fact exists with respect to Jacina's claims against Murphy Oil, and it is hereby

**ORDERED** as follows:

1.    The Court's Order of August 30, 2019, [Record No. 24] is **REINSTATED**.

2.     Defendant Murphy Oil USA, Inc's motion for summary judgment [Record No. 22] is **GRANTED**.  The Clerk of the Court shall terminate Defendant Murphy Oil USA, Inc. as a party to this action.

Dated: October 7, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky